IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HAGELE, on behalf of himself and a class of those similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: _____ |
| v. ) ) | Judge: _____ |
| MARK L. NICHTER, P.C. ) ) | Magistrate Judge: _____ |
| Defendant. ) | |

## COMPLAINT

Plaintiff AARON HAGELE, by and through his attorney, brings this action to obtain the redress to which he is entitled under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA") for Defendant's violations of 15 U.S.C. §1692(e) and (g) in connection with its efforts to solicit payment of third-party debts. In support of this Complaint, Plaintiff states as follows:

### PARTIES

1.  Plaintiff AARON HAGELE is a natural person and a citizen of the State of New York.

2.  Defendant MARK L. NICHTER, P.C., is a New York law firm with its principal place of business in White Plains, New York.

3.  On information and belief, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

4.  On information and belief, Defendant regularly uses instrumentalities of interstate commerce to engage in business the principal purpose of which is the collection of debts on behalf of third parties.

1

## JURISDICTION AND VENUE

5. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it is a civil action arising under the laws of the United States, namely 15 U.S.C. §1692 *et seq.*

6. Venue is proper in this District because Plaintiff resides in this District, Defendant transacts business in this District, a substantial part of the events or actions giving rise to this action occurred in this District, and a significant portion of the relevant evidence is located in or near this District.

7. Venue is proper in the White Plains Courthouse because Plaintiff resides in the County of Westchester, New York and because the claim arose in major part in the Counties of Westchester and Orange, New York.

## CAUSE OF ACTION

8. In May 2014, Plaintiff visited the emergency room at Orange Regional Medical Center (hereafter, "ORMC"), a hospital located in Middletown, New York. Due to an apparent billing error on the part of the hospital, Plaintiff was billed directly for the services provided despite those services being covered by his insurance provider. Plaintiff was improperly billed both by the hospital (the "facilities bill"), and by a third-party agent of the treating physician (the "physician's bill").

9. On information and belief, this error occurred because ORMC attempted to bill an insurance company other than the company identified by Mr. Hagele as his insurer for the services, and failed to correct its billing mistake upon the denial of the claim.

10. Mr. Hagele learned of this mistake when he was contacted by an agent of the aforementioned third-party physicians' billing company in connection with the

physician's bill. Mr. Hagele then contacted ORMC by telephone, whereupon he was informed of the billing error that caused ORMC to bill him incorrectly. ORMC stated that while it was unable to address the "physician's bill" because that bill was issued by a third party, it would correct the problem with regards to its own bill (the "facilities bill").

11. Mr. Hagele ultimately received a "paid-in-full" letter in connection with the physician's bill, reflecting that he did not owe that debt, but never received such a letter from ORMC regarding the facilities bill.

12. At some point near the end of 2015 or the beginning of 2016, Hagele began receiving telephone calls from an individual believed to be Udro Bedoya, an employee of Defendant.

13. After some time, Hagele spoke with Mr. Bedoya directly over the telephone, whereupon Mr. Bedoya informed Mr. Hagele that Defendant had been retained to collect the amount alleged falsely by ORMC to be due under the erroneous facilities bill.

14. During this telephone call, Mr. Bedoya threatened Mr. Hagele with litigation. Mr. Hagele stated that he was represented by counsel in connection with the disputed bill.

15. Subsequent to this initial telephone communication, Defendant's employee sent a letter (the "demand letter") addressed to Mr. Hagele, at Mr. Hagele's father's address. The demand letter offered to discuss "alternative ways to resolve" the alleged debt and threatened "further collection activity."

16. The letter was signed:

>UDRO BEDOYA, L.A
>FOR MARK L. NICHTER, ESQ.

3

17. "L.A.", presumably standing for "Legal Assistant", is not a recognized certification or license in the state of New York, and implies authority or officer-ship where none exists.

18. On information and belief, Mr. Bedoya is not an attorney.

19. Mr. Bedoya signed the demand letter himself, despite not being an attorney licensed to practice law in the State of New York. Mr. Nichter did not sign the demand letter.

20. The demand letter did not contain the statements required by 15 U.S.C. §1692g-(a)(3), (4), or (5).

21. The demand letter was the first written communication that Mr. Hagele received from Defendant regarding the alleged debt.

22. To date, despite communicating with Hagele multiple times, Defendant has failed to give the required §1692g notice.

23. Mr. Hagele does not owe the alleged debt. To date, Defendant's illegal attempts to collect that debt have caused him actual harm, in the form of stress, aggravation, embarrassment, humiliation, and emotional distress.

### FIRST CLAIM FOR RELIEF:
### Violation of 15 U.S.C. §1692(e)

24. Plaintiff restates and re-alleges paragraphs 1-21 of this Complaint.

25. The alleged medical debt arises out of a transaction the subject of which were services that were primarily for personal, family, or household purposes. Therefore, this debt is a consumer debt as defined by 15 U.S.C. §1692a(5).

26.     15 U.S.C. §1692(e) prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and specifically enumerates violations including:

> "(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney."

> "(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

> "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

27.     By signing the demand letter in the manner described herein, Mr. Bedoya engaged in the unauthorized practice of law and additionally violated each of the above-referenced provisions.

28.     By signing the letter "L.A.," and by including Mr. Nichter's name without his signature on the letter, Defendant misrepresented the source, authorization, and approval of the letter, and implied that the letter came from an attorney when it did not, and was in fact a form debt collection letter.

29.     On information and belief, Defendant willfully engaged in the above-referenced conduct in order to intimidate alleged debtors into becoming more likely to respond to collection attempts.

30.     To date, Plaintiff is not aware of any proceedings initiated against him, or other legal action taken, by Defendant with regards to the alleged debt.

31.     Hagele sustained actual harm as a result of Defendant's conduct, including stress, aggravation, and embarrassment, and emotional distress stemming, among other

5

things, from his fear that a lawsuit might be filed against him seeking a substantial sum that he does not owe.

WHEREFORE, Plaintiff Aaron Hagele, by and through his attorney, respectfully requests the Court to grant him the following relief:

    a) Actual damages;

    b) Statutory damages in the amount of $1000;

    c) Reasonable attorneys' fees and costs;

    d) Any other relief that the Court deems reasonable and just.

## SECOND CLAIM FOR RELIEF:
### Violation of 15 U.S.C. §1692(g)

32. Plaintiff restates and re-alleges paragraphs 1-XX of this Complaint.

33. The alleged medical debt arises out of a transaction the subjects of which were services that were primarily for personal, family, or household purposes. Therefore, this debt is a consumer debt as defined by 15 U.S.C. §1692a(5).

34. 15 U.S.C. §1692g-(a) provides, in pertinent part:

> "**Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> [...]
>
> "(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

"(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

35. The demand letter referenced herein was the first written communication sent by Defendant to Hagele in connection with the alleged debt.

36. The demand letter did not contain the above-referenced notices required by 15 U.S.C. §1692g-(a)(3), (4), or (5).

37. Additionally, the letter was sent in June, 2016, months after the initial oral communication between Mr. Hagele and Defendant, and not within the five days required by 15 U.S.C. §1692g-(a).

38. Mr. Hagele sustained actual harm as a result of Defendant's failure to provide the required §1692g notices, in the form stress, aggravation, embarrassment, and humiliation, stemming from the continued harassment over medical debts Hagele does not owe, and his lack of knowledge over how to dispute them, given that the letter was sent to him and his father, rather than his attorney.

WHEREFORE, Plaintiff Aaron Hagele, by and through his attorney, respectfully requests the Court to grant him the following relief:

a) An award of actual damages;

b) An award of statutory damages in the amount of $1000;

c) An award of Plaintiff's reasonable attorneys' fees and costs, as determined by the Court;

d) Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                                                                Respectfully submitted,
                                                                                Plaintiff Aaron Hagele

Dated: October 5, 2016                                By: /s/James P. Batson

                                                                               James P. Batson, Esq.
                                                                               LANGONE BATSON & LAVERY, LLC
                                                                               520 White Plains Road, Suite 500
                                                                               Tarrytown, New York 10591
                                                                               (914) 523-2278
                                                                               jbatson@langonebatson.com
                                                                               *His Attorneys.*